Rev. 5/20

United States District Court
Middle District of Florida
Jacksonville ~~Fort Myers~~ Division

FILED
2021 FEB 26 AM 11:01
CLERK US DISTRICT COURT
MIDDLE DISTRICT OF FL
JACKSONVILLE FLORIDA

Rayvon L. Boatman/
(In the space above enter the full legal name of the plaintiff)

-against-

Donald Sawyer, Emily Salema, Brian Libel, J.P. Carner, DCF
WellPath Recovery Solutions
Geo Group, SVPPD; and
Correct Care Recovery, M. Masters
John Doe Circuit Court Judge/Clerk office;
(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Section IV. Do not include addresses here.)

Case No. 3:21-cv-193-TJC-JRK
(To be filled out by Clerk's Office only)

## COMPLAINT

(*Pro Se* Confined Litigant)

Jury Demand?
☒ Yes
☐ No

Non Prisoner Suit
42 U.S.C.A. Section 1871; 1985;

**NOTICE**

Federal Rule of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

**Plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.**

Rev. 5/20

## I. COMPLAINT

*Indicate below the federal legal basis for your claim, if known. This form is designed primarily for pro se confined litigants challenging the constitutionality of their conditions of confinement, claims which are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "Bivens" action (against federal defendants).*

☒ 42 U.S.C. § 1983 (state, county, or municipal defendants)

☐ Action under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971) (federal defendants)

## II. PLAINTIFF INFORMATION

BOATMAN, RAYVON L. / RAY BOATMAN
Name (Last, First, MI) Aliases

Identification #
I.D.# 991180 (FCCC)
Place of Detention
Florida Civil Commitment Center – (FCCC)
Institutional Address
13619 S.E. HWY 70 E, Arcadia, Fla. 34266
County, City State Zip Code

## III. STATUS

*Indicate whether you are a prisoner or other confined person as follows:*

☐ Pretrial detainee
☒ Civilly committed detainee
☐ Immigration detainee
☐ Convicted and sentenced state prisoner
☐ Convicted and sentenced federal prisoner

## IV. DEFENDANT(S) INFORMATION

*Please list the following information for each defendant. If the correct information is not provided, it could result in the delay or prevention of service. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.*

Defendant 1: Sawyer, Donald,
Name (Last, First)

Administrative Director of (FCCC)
Current Job Title

13619 S.E. HWY 70 E
Current Work Address

Arcadia, Fla. 34266
County, City State Zip Code

Defendant 2: Salema Emily
Name (Last, First)

Director of Mental Health;
Current Job Title

13619 S.E. HWY 70 E
Current Work Address

Arcadia, Fla. 34266
County, City State Zip Code

Rev. 5/20

**Defendant(s) Continued**

Defendant 3: (Brian) LaBel, Brian
Name (Last, First)

Assistant Administrative Director
Current Job Title

13619 S.E. HWY 70 E
Current Work Address

Arcadia, Fla. 34266
County, City State Zip Code

Defendant 4: Masters, Melinda
Name (Last, First)

Assistant Mental Health Director
Current Job Title

13619 S.E. HWY 70 E
Current Work Address

Arcadia, Fla. 34266
County, City State Zip Code

[Additional Defendants Must Be Listed on a Separate Sheet Titled Section IV]

Rev. 5/20

## V. STATEMENT OF CLAIM

Place(s) of occurrence: ____________________

Date(s) of occurrence: ____________________

State which of your federal constitutional or federal statutory rights have been violated:

____________________

____________________

*State here briefly the FACTS that support your case. See Fed. R. Civ. P. 8. Describe how each defendant was personally involved in the alleged wrongful actions, state whether you were physically injured as a result of those actions, and if so, state your injury and what medical attention was provided to you. All facts shall be set forth in separately numbered paragraphs. See Fed. R. Civ. P. 10(b).*

FACTS: AND SUMMARY: (5A and) (1)-(8.)

What happened to you?

See pages (1)-(8) of (5A); attached next page

Please See Continued Facts attached as (5B)(1)-(3.)

pages (5A)

**STATEMENT OF FACTS**

**12/22/2020**

(1.) The plaintiff , **Rayvon Boatman**, states and alleges that:

(2.) In the name of the herein class and class members, in their proper person, pro se, and make the following factual allegations:

(A.) Under the penalties of perjury; and says further:

(3.) That, this is a **Civil Class Action Law Suit** for Declaratory Judgment and Preliminary Injunction with Permanente Restraining Order; as relief; further, ……

(A.) …………………………………………… with Monetary and Punitive Damages for each Plaintiff, each of the class members, and with order for the provision of making whole the plaintiff for the very threat upon their lives;

(B.) **………AND IMMEDIATE RELIEF FOR RECONSTRUCTION OF DETENTION SAFETY, IN ITS** entirely.

**(1.)CLASS CERTIFICATION REQUESTED**, The plaintiffs, class and class members,……

**(2.)** Respectfully request that the court would allow For **Class Certification**,………and, .due to mental health and medical privacy of the class members, limited to the herein facts and claims, that the class be Entitled as:…. **[ALL *PLAINTIFFS 1-5 Residents at (FCCC)]*:** …

**(A.) CONSISTING OF all PRESENT AND FUTURE RESIDENTS, and COVID-19** positive residents and non-positive residents of the Florida Civil Commitment Center];**2020-2022**.

**(B.)** That the herein action is filed under **42 U. S. C. Section1983, 1871**, federal statutes, and the Florida rules of civil procedures, **R. 23(a-) Federal Rules Of Civil Procedures (2019)**.

**(C.)** Rule 1.630, Florida rules of civil procedures, do initiate this action in good faith. This action also sets a request for the provision of injunctive relief, and also restraining order for the present and any future resident to be yet assigned to the program, facility-(FCCC) in the future.

**(D.)** That the court will allow for the special ability to:

(1.) The class were and are at all times relevant to the herein facts and allegations, residents at the [Florida Civil Commitment Center]; hereinafter,[FCCC]; continually deprived of the ability to take the necessary precautions to protect (themselves)in any fashion.

(2.) In order to stay safe, social distancing, due to the orders of transfers of the plaintiffs by the defendants.

(3.) The necessary precautions recommended by public health Officials fail, due to the defendants recklessness and carelessness due to their own orders.

(4.) There is no such thing as social distancing and is next to impossible under the present orders by the defendants **WellPath Recovery Solutions, hereinafter, (Wellpath);** and **The Department of Children and Family Services, hereinafter, (DCF), The Sexually Violent Predator Program Directors, ….hereinafter(SVPPD's) Directors**, **The Geo Group, Inc.; hereinafter, (Geo);** and **The Correct Care**

**Recovery Solutions, hereinafter, (CCRS),** and **The Florida Department of Health,** hereinafter – **[WHO],** ........Who are solely responsible for the care, custody, and control of the plaintiffs, and class members.

(5.) The carelessness, recklessness, and the deliberate indifference to the needs of the plaintiffs and class.

(6.) The protecting the class members failed and such gross unlawful subjecting the class to death threat, and death continually.

(7.) The defendants forcibly ordered the plaintiffs, and class and class members brought plaintiffs to such a cite; (FCCC),Held against their wills.

(8.) The defendants are indeed obligated , morally and legally, ethically, to mitigate the said risk to injury, and death.

(9.) The defendants acted poorly, knew that their actions were aware of the issues before the order to move the plaintiffs.

**(10.)** And failed the class and class members and do continue to do so, **12/12/ 2020.**

(11.) Having stripped the (plaintiffs)of virtually every means of self –protecting, self-quarantine, and forcibly foreclosed plaintiff's access to outside information about COVID-19; and aid.

(12.) The government and it's officials are not free to let the state of (Nature)take its course.

(13.) Whiles many states have developed guidelines intended to limit the spread of the disease in their prisons, the defendants have thus far resisted the most morally urgent solution. Let the plaintiff's go!!

(14.) It was the defendants (DCF)'s duty, as Sawyer's, Masters, Salema's, and the defendants Libel, and J.P. Caner administrators of [FCCC].

(15.) The defendants have acted, and do act under the color of state law, at all times relevant to the herein. Deliberately with indifference contravening the federal and state constitutions.

(1. The plaintiffs have been made victims of **(WAR)** By the defendants, most plaintiffs whom are **(Black**), and (**Brown), (White),** and **Low level, Non-Violent offenders**, who are already physically ill, infirm, chronically sick, preying on the weakest among the facility, class and class members, the elderly, and; ......

(a.) The great number of plaintiffs who are elderly, already infirm, ill and otherwise, unhealthy over the age of **thirty nine(39).**

(b.)

(c.) Forced in overcrowded areas, to congregate;[to bring together in a crowd]; ... dormitories, no ventilation, housing areas, Units, always unsanitary, where several of the largest Outbreaks are known by the defendants, continue.

(2.) To be in such settings as that of (FCCC), where the ability to stay safe is impossible, the repeated touching of surfaces that are touched by other similarly situated residents plaintiffs, close quarters every day all day long.

(16.) The inability to avoid the showers, the sinks, the toilets that are scattered with feces, urine, blood, or all three.

(17.) The possibility of staying safe is still ill removed by the defendants need to re-open their treatment program at (FCCC), in the middle of a pandemic.

(18.) The defendants response to the virus has been positively anemic.

(19.) who possessed full knowledge of the needs of the plaintiffs and the class, but failed, poorly, over and over again, repeatedly, And continually. **12/13/2020**.

(20.) Failing to avert the crisis of-[**COVID-19**]; Or minimize the magnitude of propensity for injury or the possible widespread of death or the virus.

(21.) The recklessness, and ill intent, …with intent to disregard many sound possibilities, the defendants discussed, together, their pre-planned, misguided decisions, policies, agreements, practices, to endanger the class, and class members.

(22.) The deliberate intent to sicken the entire class and class members and to attempt to kill as many of the class of (sex offenders as possible),by the Novel- Coronavirus.

(23.) It was the duty of the defendants (DCF),As administrators of [FCCC] to make sure that (Geo) Group, Inc. The sexually violent predator program directors, and the Wellpath Recovery Solutions, CCRS, GEO, the contractors, was abiding by constitutional requirements to provide safe conditions to detainees under their control.

(24.) The defendants had and/or had every reason to have and possess the required knowledge of the pandemic, proper information, subjected the class and the class members to ORDER TO TRANSFERS from their original dormitories when these particular problems did not exist in the same manners and the very (ORDER) To do so, …

….. specific, pre-planned, placement order, in direct proximity with; …..infected other similarly situated residents, (Plaintiffs/Class and class members)-**1/12/2020-12/12/2020,** and continually.

(25.) Created this [Train Wreck], of COVID-19 outbreak; throughout the entire facility to which the class are bound against their own wills.

(26.) The very fact that there weren't many known cases, by the plaintiffs, of infections of residents at the facility, other than one actual death of one other resident, before the orders to transfer.[a train-wreck].!

(27.) Throughout the facility, [FCCC]; until ordered by the defendants, forcing the transferring of approximately 90% percent- to 89%- percent of the entire class and class members; the compound.

(28.) The fact that the facility staff weren't complying with standard protocol for wearing their face masks as required by the (CDC), Or (WHO)-World health organization.

(29.) The entire compound, Residents held for mental health [reasons] under doctors care, and treatment, weakened by physical health problems out of their own control, were, and are prohibited from protecting themselves.

(30.) The second [Train Wreck], created by the defendants.
(31.) The intent to reopening of the facility
(32.) In order to satisfy the defendants.

(33.) …..The director of mental health department, Emily Salema, to create and decide to move the class and class members to different areas of the facility, created a ripple effect, making the plaintiff sick, forcing the class to gather among others when otherwise wouldn't have, …(BUT FOR),…..

…….(a.) The recklessness, omission, of the decision to(Order)..the class transferred to different areas all over the entire compound, to different dormitories, among infected residents at the camp,[FCCC], Approximately **11/3/2020**.

(34.) For the defendants to deprive any citizen of his or her liberty upon the altruistic theory that the confinement is for humane therapeutic reasons, And then fail to provide adequate treatment, ….or (in this case NO treatment),… since before **1/1/2020**; violates the very fundamentals of due process. **Wyatt v. Stickney, supra,325 F. Supp. At 785.**

**(35.) The-(Train Wreck),…**

(36.) **…… (Order)** directed by the defendants, **Wellpath**, **(SVPPPD), [Sexually Violent Predator Program Director]; ……,** **Geo Group, Inc**.; **(DCF)**,And the **(CCRS)**; And **Donald Sawyer**, administrator for **(FCCC)**;…

(37.) **Melinda Masters**, assistant to the director for mental health, **Doctor Emily Salema**, director of programs, moves, and other.

(38.) This **(train wreck)** "Order forced the plaintiffs to relocate, scatter, mingle against their wills, Forced into a position and or place near an infected person.

(39.) The defendants having full knowledge, full control, as it was the said order, ….., recklessness and agreement to;…….this particular order alone, that part, abused their discretionary powers over the plaintiffs lives and demonstrated ill will, recklessness and as well as disregards for life, limb, or property, of the plaintiff's, acted unreasonable, and in bad faith.

(a.) It is only fair to say, .. order to move and/or transfer all residents, forcing them to group up together was havoc and damaging to the entire population at F.C.C.C.

(b.) The continual knowing of residents being infected, yet with this in mind, the defendants WELLPATH, DCF, SVPP, FCCC, CCRS, and the Geo Group, recklessly allowed the class and class members put at heightened risk of death and injury.

(c.) The defendants maximized, presents a serious threat to the safety and security of the program "patients", the class members, who are continually being injured as a direct result, but for the inability to escape the heightened risk and injury.

(d.) Being under said supervision, higher than general prison population where employees, "WELLPATH" has direct hands on and in direct responsibility of plaintiffs. And was lost, a very breech of the said contract between the defendants.

(e.) The defendants "**WELLPATH, FCCC, Donald Sawyer, Emily Salema, and Brian Libel**, **Melinda Masters, J. P. Carner'**s actions, planning, and decisions, was reckless, gross negligent.

(f.) The direct result of the defendants failures did not merely result in threat of injury but also was the result of the death of numerous class members and loss.

(g.) The plaintiff was fine one day and as soon after the order-**[TRAINWRECK]-…..** that the defendants carelessly thought through, together, and as the exact and proximate result of the plaintiff being Transferred to another area .

(h.) Violated their own contract between the defendants Wellpath, and the defendants **(CCRS)**, **(DCF)**, And **(FCCC)**; both **(SVPPD)**, And **Geo Group, Inc.;**

(i.) These defendants were aware of and knew or should have known that "social gatherings" were exercised.

(j.) …. Or their employees had shown symptoms while interacting with plaintiffs the class and class members. Unsupervised.

(1.) when entering the facility to which the plaintiffs were housed, as prior to this act, the said and alleged **[Train Wreck]** the plaintiffs and class and class members did not altogether come into contact with the virus, **COVID-19** but for the defendants said order.

(k.) The defendants and Sawyer, Salema, Carner, Masters, and Libel were each aware of the high risk and spread of the virus who failed to act and take reasonable and responsible precautions.

**(1.) The World Health Organization (WHO)**, officially declared **Covid-19** as global pandemic on **[March 11th 2020]**.

(a.) The defendants decision to **{ORDER a move or TRANSFER}** the class and class members from residents initially assigned dormitories; ........., in a massive, unusual move to other areas of the facility **FCCC**, was the actual **{TRAIN WRECK}** mentioned above, one order.

(b.) The class and class members were scattered all around the facility, at FCCC. Approximately **11/3/2020**, ongoing to date.

(c.) The defendants created their own masks for the entire class and members out of newly or used brown bed-sheets usually issued to the general population to cover a bed, instead the classes faces.

(d.) This poor gesture is typical to the pattern of practice of the defendants.

**(e.)** The harmful bacteria's, the inability to stay safe as a direct result of the face masks created by the facility and defendants, **(FCCC).**

(f.) The said masks were never created or sanctioned by the **(CDC)** Nor **the (WHO),** or the department of health, **(Florida Based)** the defendants who failed to provide the facility with directives for the protections of the plaintiffs, residents, and the class and class members.

(g.) The facility layout makes social distancing impossible.
(h.) The inadequate chemicals to clean with, watered down, provided by the defendants for the population was and is a serious joke in lite of real cleaning materials, such as bleach, or real alcohol based hand sanitizers.
(i.) The provision of N-(95) face masks, for the staff and employees was discriminate in light if that provided to the population at large.

(j.) The deliberate failure to screen and test staff at the entrance of the facility and said process and practices when entering into the facility.

(a.) Failure to adequately or properly screen and test staff when entering and leaving the facility.

(b.) During a Hurricane emergency in September, of 2017,it became mandatory that the staff remained at the facility with their property in order to keep the operations and safety of the facility intact.

(c.) during this particular pandemic, staff have been allowed to carelessly come and go throughout the facility with minimal testing or screening to determine if any staff would test positive.

(a.) Thus, subjecting the class and class members and the plaintiffs to deliberate indifference and to catching the coronavirus
(b.) Without knowledge of whether they were at risk or infected or being placed in proximity of the Virus.

(a.) The defendants failed to take reasonable measures or steps to Guarantee the safety of the class and class members and the plaintiffs.

(b.) The defendants failed to protect the class and class members.

(c.) The plaintiffs, the class and class members are detained under conditions posing a substantial risk of serious harm, and the defendants, each, acted and continue to act with deliberate indifference to a present risk.

(d.) The defendants acts and omissions were carried out of haste, pure abuse of any discretionary authority they may have had.

**(e.)** About any exhaustion of administrative remedies.

**(f.)** The plaintiffs were deprived of their federal and state rights by the defendants, each of them.

(g.) Residents had no serious difficulties or symptoms of any disease like the **Covid-virus** in question, whiles in their original assigned areas at the facility **(FCCC)-1/13/2020-10/2/2020**.

(a.) The units where the plaintiffs were assigned, the dormitories, and where their original assigned housing units and dormitories but for the Orders for transferring of the plaintiffs, the class and class members from their original dormitories intentionally to mix up the residents in order to make them sick with the virus they were supposed to be protected from rather than being subjected to such said risk, and dangers.

(h.) The intent to infect as many residents as possible in order to see how many would sub come to the virus, and die.

(i.) The intent to make the class and class members sick, outing them in direct harm's way with the virus, causing the class to be infected against their own wills.

(j.) The plaintiffs were forced to sleep next to, nearby, and with sick persons who were known to be sick by the defendants, prior to the said [ORDER} to "MOVE',.......

(k.) The defendants forced the plaintiffs, the class to be housed next to another resident peer who was known to be sick with the coronavirus/**(COVID-19)**, dying, and the attempted act of murder by the defendants, as are herein charged.

(l.) Criminally putting the class and the entire class members, dead and alive, yet who suffer from moderate to severe asthma, heart disease, Obesity, respiration issues, and HIV, AIDS.

(m.) The plaintiffs who nearly died, obesity, and Diabetes, are conditions that trigger higher risk of severe illness from Covid-19.

(n.) The said order, ....this particular, pre-planned ,ill reckless, carelessness, gross decision making, was the [TRAIN WRECK] thing that subjected the class and class members to an unsafe environment, and pandemic, widespread, and an inadequate conditions.

(o.) The defendants named and unnamed in this complaint, put every resident's life in harm's way, great irreversible danger, heightened risk of death, injury and equaled in all fairness, an attempted murder upon the class and class members who are deemed to be non-human beings according to the state government of Florida and the governor.

(p.) The plaintiffs were treated with deliberate indifference by the actions and activities of the defendant's refusal to do otherwise protect and continue to do so, infect residents at the said orders to move here, then to move over there in crowds, many residents spreading the virus again and again as a direct result of the [MOVES];[ORDERED].

(q.) By the defendants themselves without corrective instructions, whiles denying the class and class members the right to proper care and protections required and/or instructed by the (CDC), And/or the

World Health Organization, or the federal department of health, and federal mandates and/or ordinance.

(r.) The defendants were where they ignored a condition of confinement that is sure or very likely to cause serious illness and needless suffering the next week or month or year.

(s.) Including the very exposure of the class and class members to a serious, communicable disease, even when there were residents at the facility dying to COVID-19.

**(t.)** The herein stated conditions pose an unreasonable risk of serious damage and danger to the health and safety of the class, their future health.

**(u.)** The current measures undertaken by the defendants, any of them, including the facility staff and defendants together with **(DCF)** and Wellpath, together with **(CCRS)** and **(SVPP),** And **Geo Group,** and privately, knowingly, residents/detainees, are patently ineffective in preventing the spread of **COVID -19.**

(v.) The staff/ employees at the facility ,locally, are infected with the virus, **COVID 19**, and have given this to the entire compound and population at (FCCC).

(a.) The staff at the facility HAVE tested positive of the **COVID-19**, and have spread this throughout the entire compound at (Fccc).

(b.) This knowledge demonstrates the greatly increased likelihood of continual spread of COVID-19 in the present and future population, ongoing now.

(1.) The class states that the defendants Acted and do act now, under the color of state law, and are liable for the failure to care and protect the health and wellbeing of the class and class plaintiffs and members.

(2.) the reckless omission, gross neglect and malpractice to act deliberately indifferent to the medical needs of the plaintiffs, ignored the lives of the class.

(3.) The defendants deliberately, recklessly, with gross neglect, malpractice, and medical neglect, against the plaintiffs.

(4.) The failure of the defendants to adequately, properly pre-plann ahead and to use the mandates ordered by the (CDC),And the [World Health Organization.

(5.) The defendants are responsible for the near death of the class and class members as a whole, and constitutes the attempt of murder by the defendants, in every sense of the **(Terminology).**

**(6.) The defendants are held responsible for the abuse of the class and class members, and plaintiffs, in violation of their 4th, 5th, and 8th amendments to the constitution and the State of Florida Constitution, both state and federal statutes, and laws.**

**(7.) For gross, and continual placing the class and class members in harm's way without professional decisional makings.**

**RE;IEF SUMMARY:**

That the honorable court would grant unto the said class and class members and plaintiffs alike, relief in the following, but not limited to:

Compensatory relief and damages in the sum of 198.000.00 one hundred and ninety eight thousand dollars to every resident/patient and class member at the (FCCC) for physical injury at the hands of the defendants for every day spent at the defendants house, since the **[TRAIN WRECK]"..........**

(1.) That the court would grant unto the class and its members, the release of the compromised residents /class members at the (FCCC), who are weakened as a direct result of prior physical health problems, such as a compromised immune system, diabetes, Heart conditions, High blood and other related conditions, old age, above fifty four-54 who's medical records will demonstrate any significant health problems, to home confinement, with monitoring for short supervision, and outside treatment.

(2.) That the court would grant the award of punitive damages in the amount of $ 294.000.00 two hundred and ninety four thousand dollars, in punitive damages, for the punishment ongoing , of the plaintiffs and the class, and class members alike as a whole.

(3.) That the court would grant injunctive relief, with temporary restraining order against the defendants for the protection of the plaintiffs.

(4.) That the court would order the release of approximately 300-three hundred residents in the effort to allow social distancing as but for , .....the defendants, it is otherwise impossible to do so and people will die faster that would otherwise, creating an otherwise manifest injustice.

(5.) That the court would grant an award for attorney fees under 42 U.S.C.A. Section 1988.

(6.) And any such further relief the court deems fair and just.

[signature] it is so humbly prayed:

Under the penalties of perjury:

[signature]

13619 S. E. HWY 70 E

Arcadia, Fla. 34266



STATED FACTS CONTNUED

(1.) The herein action is filed under Section 42 U.S.C.1871, United States Federal Code, the Florida Constitution.

(2.) Defendants placed the plaintiffs in harm's way and continue to do so in direct response to their intent to reopen their treatment program and specific classes, rooms, areas, dormitories, transfers/or movement, in spite of the social distancing measures, and have created a crisis within the facility.

(3.) The plaintiffs and the class and class members have no plain, adequate or proper remedy at law to redress the wrongs described, and alleged under written oath herein.

(4.) The plaintiffs have been and will continue to be irreparably injured by the conduct of the defendants unless this honorable court grants the herein motion for declaratory and injunctive relief with temporary restraining order which the plaintiffs and the class seeks.

(5.) While residents at the (Fccc) are subject to Internal Regulations like "(INMATES)", they are due a higher standard of CARE than those who are criminally committed.

(6.) This action is also filed pursuant to: 42 USC §1983;

(7.) The right is so fundamental that it requires a prison, or detention facility, to fund a way for the class to have (meaningful access to the court).

(8.) The defendants are continuing to subject the class to injury as a direct result of the deprivation of safety, social distancing, which is the opposite of gatherings where transfers are dangerously ordered by the defendants at-[FCCC].

**(9.) The Eighth Amendment's prohibition on cruel and unusual punishment gives rise to the constitutional rights of a convicted state prisoner.**

**(10.) A Pre-Trial Detainee's constitutional rights are distinct from a prisoners rights because the state cannot punish a pre-trial detainee.**

**(11.) Thus, the source of the pretrial detainees rights is the Fourteenth Amendment's Due Process Clause…….**

**(a.) The United States Supreme court held that jail conditions that amount to punishment of the detainee violate due process.**

**(b.) The court explained that there is a difference between punishment, which is unconstitutional, and regulations that, whiles unpleasant, have a valid administrative or security purpose .**

**(c.) The individuals at the facility to which the plaintiffs, the class and class members are housed, are in danger of death and/or irreparable injury, and long term damages to their persons, against their wills .**

**(d.) The constitution is misplaced at the request from detainees herein, as their previous attempts were met with inside**

**(e.) Prejudice from higher-up officials. The defendants intentiolanny acknowledged that they have done wrong, created mass omission, and acted recklessly.**

**(f.) The Regulation, Order, to [Transfer] the class and class members,….to other areas, to gather together in order to be placed,….in other areas of the facility, dormitories,…**

**(g.) ......the irrational decision to transfer the class and purpose to do so was not necessary, or needed, and created havoc upon the class and was overly restrictive, and exaggerated response to real concerns.**

**(h.) (Certainly states may not impose on pretrial detainees conditions that would violate a convicted prisoners Eighth Amendment rights.**

**(i.) This, in all fairness of the process herein, the reviewing by impartial judge.**

**(j.) The defendants took the herein alleged actions and activities that placed the plaintiff's lives in harm's way, in danger of their lives, the recklessness, the following moves/transfers afterwards that only increased the possibility and contracting the said above mentioned virus.**

**Sincerely**

**submitted:** [signature]

13619 S.E. Hwy 70 E

Arcadia, Fla. 34266

(FCCC)

**Date submitted for mailing by facility**

2/23/2021

please See pages (5)- thru-

Who did what?

[Additional Facts Must Be Set Forth in an Attachment Titled Section V]

Please See page (5)-(5A)-(5B)—

Was anyone else involved?

## VI. ADMINISTRATIVE PROCEDURES

*WARNING: **Prisoners** must exhaust administrative procedures before filing an action in federal court about prison conditions. 42 U.S.C. § 1997e(a). Your case may be dismissed if you have not exhausted your administrative remedies.*

## VII. RELIEF

*State briefly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.*

Please See pages (5A) and (Sub pages 7-8) Statement of Facts; 12/22/2020, attached:

## VIII. LITIGANT'S LITIGATION HISTORY

*The "three strikes rule" bars a* ***prisoner*** *from bringing a civil action or an appeal in forma pauperis in federal court if that prisoner has "on three or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. §1915(g)*

***ALL LITIGANTS MUST ANSWER:.***

Have you to date brought any other lawsuits in state or federal court while a confined? ☑ Yes ☐ No

If yes, how many? 3-4 and others

Number each different lawsuit below and include the following:

- Name of case (including defendants' names), court, and docket number
- Nature of claim made
- How did it end? (For example, if it was dismissed, appealed, or is still pending, explain below.)

## IX. PLAINTIFF'S DECLARATION AND WARNING

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending or modifying existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. **I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.**

*Plaintiff must sign and date the complaint and provide prison identification number and prison address.*

2/23/2021
Dated

Plaintiff's Signature

Boatman Kayvon L.
Printed Name (Last, First, MI)

# 991180 I.D.
Identification #

Florida Civil Commitment Center / FCCC
Institutional Name City State Zip Code

13619 S.E. Hwy 70 Arcadia, Fla. 34266